

**ORDERED in the Southern District of Florida on May 13, 2015.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| *In re:* | Case No.: 15-12159-BKC-LMI |
| ECOLOGICAL PAPER RECYCLING, INC., | Chapter 11 |
| Debtor.            / | |

**ORDER (I) APPROVING ASSET PURCHASE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (II) AUTHORIZING THE DEBTOR TO SELL SUBSTANTIALLY ALL OF THE PERSONAL PROPERTY**

**Pursuant to F.R.B.P. 9006(c) and 9007, this Order shall become final on Thursday, May 21, 2015 unless written objections to the relief granted below are filed with the Court and served upon counsel for the Debtor and the Committee on or before that date**.

THIS MATTER came before the Court for hearing on Monday, May 11, 2015 at 11:30 a.m. (the "Hearing") upon the Debtor-in-Possession, ECOLOGICAL PAPER RECYCLING, INC. ("Ecological" or the "Debtor"), *Motion for an Order (I) Approving Asset Purchase Agreement for Sale of Substantially All of the Debtor's Personal Property Free and Clear of*

*Liens, Claim, and Encumbrances; and (II) Authorizing the Debtor Sell Substantially All of the Personal Property to Prime Recycling Corp. Subject to Higher and Better Offers* [ECF# 255] (the "Motion").[1] The Court having reviewed the Motion and the record in this case and having considered the respective proffers of Jose Flores and Salvatore Troia, which were admitted without objection, and the statements of counsel for the Debtor, comments by counsel for the Official Committee of Unsecured Creditors (the "Committee"), counsel for JPMorgan Chase Bank, McNeilus Truck Company, counsel for Universal Waste Services of Florida, Inc. ("Universal") and NMHG Financial Services, Inc., the Court finds that the Motion and the relief sought therein, as modified in this Order, is in the best interests of the Debtor's estate and its creditors. Accordingly,

**IT IS FOUND AND DETERMINED THAT**:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014;

B. The Court has jurisdiction over the Motion and the transaction contemplated by the Competing APA (as defined herein in Paragraph F), pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409;

C. The statutory bases for the relief requested in the Motion are (i) Sections 105, 363, and 365 of Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. and (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006 and 9014 and (iii) Rule 6004-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida

---

[1] Any and all capitalized terms not expressly defined herein shall bear the meaning ascribed to them in the Motion.

D. Pursuant to the Debtor's *Emergency Ex-Parte Motion To (I) Reschedule Hearing On Debtor's Motion To Authorize The Debtor To Sell Certain Personal Property And (II) Shorten Notice Period Regarding Debtor's Motion For Order Authorizing The Sale of Debtor's Personal Property* [ECF # 271] (the "Motion Shortening Notice"), and this Court's order granting same (the "Order Shortening Notice")[ECF # 273] the Debtor articulated good and sufficient reasons for the Court to: (i) schedule the Hearing; and (ii) approve the manner of notice of the Motion and the Hearing. Additionally, the Court accepts as reasonable under the circumstances the further explanations on the record by Debtor's counsel of the steps undertaken to provide notice to creditors and parties in interest of both the Motion Shortening Notice and Order Shortening Notice, and the Court finds that good and sufficient notice of the Motion has been given under the circumstances, and no other or further notice is required, except as set forth below, with respect to the Hearing  Subject to service of this Order no later than May 13 in a manner provided to give fair opportunity for entry of an objection by May 20, the Court finds that a reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to creditors, equity holders and other parties in interest;

E. On May 6, 2015, the Debtor received an Asset Purchase Agreement (the "APA") from Prime Recycling Corp. (the "Prime") for the purchase of substantially all of the Debtor's personal property (the "Personal Property") located at the Real Property where the Debtor operates, all as more specifically identified in the APA. The APA provided for a total purchase price of $2,200,000 (the "Purchase Price") payable as follows: (a) $1,000,000 down payment, and (b) $1,200,000 payable within 36 months at 5% interest. The APA further provided that Prime would provide a $100,000 earnest money deposit to be held by Debtor's counsel. Thereafter, the Debtor filed the Motion.

F. Soon after the filing of the Motion, the Debtor received a competing offer (the ("Competing APA") for the Personal Property from Michelle Rogondino and/or Assign ("Buyer"), the same party who purchased the Real Property from the Debtor and Ecological Property Holding, Inc. For the reasons articulated in the Motion Shortening Notice and the Order Shortening Notice, the Court rescheduled consideration of the APA and the Competing APA to the Hearing date.

G. At the Hearing, the Court was made aware of the *Addendum to Commercial Contract for Sale and by and Between Michele Rogondino and Ecological Property Holding, LLC* (the "Addendum") and the terms of the Addendum were read into the record and are attached hereto as **Exhibit "A"**.

H. The Court considered the proffered testimony of Jose Flores, the Chief Executive Officer of the Debtor, and of Salvatore Troia on behalf of the the Buyer and finds that Mr. Troia and the Buyer are not insiders of the Debtor, and that the Buyer offered the Competing APA on an arm's length basis and is a purchaser who comes before this Court in good faith, and for fair value of the Real Property.

I. The entry of this Order is in the best interests of the Debtor, its estate, its creditors, equity holders and other parties in interest.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Motion, Competing APA as modified herein[2] and Addendum are approved.

3. The Debtor is authorized to sell the Personal Property, as defined and described in the Competing APA filed with the Court at ECF # 272, free and clear of all liens, claims,

---

[2] Modified only to include the actual Vehicle Identification Numbers related to the trucks being sold under the Competing APA and described in **Exhibit "B"**, attached hereto and incorporated herein by reference.

interests, and encumbrances, with all liens, claims and encumbrances to attach to the proceeds of sale.

4. The Buyer is directed to tender the purchase price, i.e., $2,200,000.00 (the "Proceeds") on or before May 30, 2015 via wire transfer or certified cashier's check to counsel to the Debtor, Ehrenstein Charbonneau Calderin ("ECC"), Attention: Robert Charbonneau, 501 Brickell Key Drive, Suite 300, Miami, FL 33131, Tel. 305.722.2002.

5. The Proceeds shall remain in ECC's trust account pending further Order of the Court resolving the validity, priority, and extent of asserted liens as well as any requests for surcharge pursuant to 11 U.S.C. § 506(c).

6. The Debtor is further authorized to cure, if necessary, provide notice of such cure, assume and assign the Assigned Contracts identified in Schedule B of the Competing APA to Buyer. However, such assumption is conditioned upon the Debtor's immediate notice of the Motion, Competing APA and this Order to the Miami-Dade County School Board. Due to the lack of notice **the Miami-Dade County School Board, its right to object to the assumption and assignment of its contract with the Debtor is preserved and consistent with the time periods of F.R.B.P. 9006(a).**

7. The Debtor is authorized but not directed to pay all validly perfected and undisputed liens on the Personal Property at closing, or pursuant to further order of the Court.

8. The form of the Competing APA is approved in all respects. However, to the extent there are any inconsistencies between the terms of the Motion, Competing APA and Addendum (including all ancillary documents executed in connection therewith), and this Order, the terms of this Order shall govern.

9.    Other than Prime and the Buyer, no other party submitted a competing offer for the Personal Property, and therefore no party shall be entitled to any expense reimbursement, breakup, termination or similar fee or payment. However, nothing herein shall compromise the rights of Universal Waste Services of Florida, Inc. to exercise its right of first refusal so long as such right is exercised before this Order becomes final.

10.    **Pursuant to F.R.B.P. 9006(c), this Order shall become final on May 21, 2015, unless objections to this Order are filed or the settlement with Universal Waste Services of Florida, Inc. is not fully executed at that time. If objections are filed, they will be considered at a hearing on May 21, 2015 at 2:00 p.m. If the settlement with Universal remains unexecuted by May 20, 2015, then this order shall become final consistent with Federal Rules of Bankruptcy Procedure. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a)**.

11.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Bidding Procedures Order in accordance with the Motion, but shall consult with the Committee before doing so.

12.    The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

# # #

RESPECTFULLY SUBMITTED BY:
Robert P. Charbonneau, Esq.
*Counsel for Debtor In Possesion*
rpc@ecclegal.com
EHRENSTEIN CHARBONNEAU CALDERIN
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002      F. 305.722.2001
www.ecclegal.com

EXHIBIT "A"

ADDENDUM

## ADDENDUM TO COMMERCIAL CONTRACT FOR SALE AND BY AND BETWEEN MICHELE ROGONDINO AND ECOLOGICAL PROPERTY HOLDING LLC

THIS ADDENDUM to the AS IS Commercial Contract for Sale and Purchase (the "Agreement") made and entered into as of the 3rd day of April 2015 by and Ecological Property Holding LLC (the "Seller") and Michele Rogondino or Assign (the "Buyer") for the purchase of that certain commercial real property located at 2330 and 2350 NW 149th Street, Opa Locka, Florida (the "Property").[1]

1. **Purchase of recycling assets from Ecological Paper Recycling Corp.**

    1.1. **Approval for sale of recycling assets as condition precedent to closing.** Buyer has tendered to Seller's tenant, Ecological Paper Recycling Corp. ("Eco Paper" or "Tenant"), that certain asset purchase agreement dated May 8, 2015 (the "Recycling APA", hereto as Schedule "1.1"), wherein Buyer intends to purchase the assets described in the Recycling APA for the sum of $2.2 Million cash (the "Recycling Assets"). Buyer intends to operate the recycling business on the Property and therefore requires the Recycling Assets. The Buyer's obligation to close under the Agreement is conditioned upon entry of an Order approving the Recycling APA.

    1.2. **No rent due from Eco Paper.** The closing on the Recycling APA is projected to occur on or before May 30, 2015. During the gap period between the closing on the Agreement and closing on the Recycling APA, Eco Paper shall be entitled to continue to operate its business in the ordinary course from the Property at no cost to Eco Paper. Upon closing on the APA, title in the Recycling Assets shall be transferred to Buyer. Thereafter, upon agreement by and between Eco Paper and Buyer, Eco Paper may continue to operate and/or maintain unsold equipment and assets on the Property for a period of up to 180 days (unless that period is extended by Buyer) at a price of $4.00 per square foot for an area not to exceed 20,000 square feet.

2. **Reserve for 40-year certification**

    2.1. Seller acknowledges that the building has not been submitted for inspection and certification as required by City of Opa Locka for all commercial buildings every 40 years (the "40 Year Certification"). Seller agrees to reserve no less than $400,000.00 from the proceeds of the sale of the Property for the purpose of obtaining the 40 Year Certification (the "Reserve"). Upon delivery by Seller of the 40 Year Certification to Buyer, any balance remaining in the Reserve shall be retained by Seller, and Buyer shall have no claim against the Reserve. To the extent that any work required by City of Opa Locka for the purpose of obtaining the 40 Year Certification exceeds the amount of the Reserve, Buyer shall be responsible for

---

[1] All capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Agreement.

funding the shortfall and shall hold Seller harmless and waive any claims against Seller on account of any sums over and above the amount of the Reserve which may be required.

      3.      Ratification. Except as herein modified, Buyer and Seller ratify and reaffirm all the terms and provisions of the Agreement. To the extent of a conflict between the terms and provisions of the Agreement and this Addendum, the terms and provisions of this Addendum shall control. To the extent of a conflict between the terms and provisions of this Addendum and the Sale Order, the terms and provisions of the Sale Order shall control.

      4.      Counterparts. This Addendum may be executed in counterparts by the parties hereto and each shall be considered an original insofar as the parties are concerned. Together said counterparts shall comprise one, enforceable agreement.

**IN WITNESS WHEREOF**, Seller, Tenant, and Buyer have caused this Addendum to be executed on the date first above written.

**SELLER:**

_____    May 12, 2015
Jose Flores on behalf of the Seller       Date

**BUYER:**

_____    May 12, 2015
Michele Rogondino on behalf of the Buyer   Date

**TENANT:**

_____    May 12, 2015
Jose Flores on behalf of Ecological Paper Recycling Corp.   Date

2

# EXHIBIT "B"

Amended Schedule A-1 to Competing APA (to include vehicle identification numbers)

## SCHEDULE A-1 TO APA

*All are approximate figures*

| Unit # | Description | Motor/Quantity | Dimension (length horizontal cc) | Serial # | Year |
|---|---|---|---|---|---|
| MCX004 | OCC screen - double deck | 2 x 5hp | 72" w x 30' L | DS-056L | 2001 |
| MCX05 | Slider bed conveyor | 3hp | 60" w x 20' - 5 1/2" L | CDT-280L | 2001 |
| MCX06 | Roller chain conveyor | 10hp | 60" w x 58' - 2 1/2" L | CCA-1269L | 2001 - *rebuilt 2011* |
| MCX07 | Mach 1 single deck separator | 5hp | 10' w x 17' L | DS-057L | 2001 |
| MCX08 | Slider bed conveyor | 3hp | 60" w x 32' - 4 1/2" L | CDT-281L | 2001 |
| MCX09 | Roller chain conveyor | 7-1/2hp | 72" w x 37' L | CCA-1270L | 2001 - *rebuilt 2011* |
| MCX010 | Mach 1 single deck separator | 5hp | 8' w x 17' L | DS-058L | 2001 |
| MCX011 | Slider bed conveyor | 3hp | 48" w x 13' - 5 1/2" L | CDT-282L | 2001 |
| MCX012 | Slider bed conveyor | 3hp | 48" w x 30' - 1 1/2" L | CDT-283 | 2001 |
| MCX013 | Roller chain conveyor | 7-1/2hp | 60" w x 32' - 7" L | CCA-1271L | 2001 - *rebuilt 2011* |
| MCX015 | Mach 1 single deck finishing separator | 3 x 5hp | 8' w x 22' L | DS-059L | 2001 |
| MCX016 | Trough conveyor | 3hp | 30" w x 27' L | CRT-061L | 2001 |
| MCX017 | Slider bed conveyor | 2hp | 30" w x 28' - 5" L | CDT-284L | 2001 |
| MCX019 | Slider bed conveyor | 3hp | 72" w x 20' L | | 2001 |
| MCX021 | Rear earth eddy separator - slider bed | 2hp - 7-1/2hp | 30" w x 7' - 6" L | | 2001 |
| MAY04c | Slider bed conveyor | 5hp | 72" w x 61' L | 98S3020 | 1998 |
| MAY09 | " Z " pan roller chain conveyor | 20hp | 60" w x 58' L | 96S3175 | 1998 |
| MAY010 | Slider bed conveyor | 5hp | 60" w x 40' L | 96S3176 | 1998 |
| MAY018 | Slider bed conveyor | 15hp | 72" w x 142' L | 96S3183 | 1998 |
| Baler 1 | Harris 2 ram 918w | 100hp | 340 SERIES WIRE TIE | 2707 | 1997 |
| Javelin | Slider bed conveyor | 1hp | 30" w x 17' L | | 2011 |
| Javelin | Slider bed conveyor | 1hp | 30" w x 11' L | | 2011 |
| f | Trough conveyor | 2hp | 48" w x 30' L | | 2009 |
| f | Trough conveyor | 2hp | 36" w x 21' L | | 2009 |
| f | Trough conveyor | 3hp | 36" w x 49' L | | 2009 |
| f | Slider bed conveyor | 1-1/2hp | 30" w x 9' - 6" L | | 2009 |
| f | Trommel | 5hp | 4' w x 10' - 6" L | | 2009 |
| steel pacage | all structure steel | | all facility | | |
| mayfram | picking station | 5 hp | 48" w x 60 feet L | | 2009 |
| Bayler 2 | Mosley Goorilla | 200 h/p | accent wire tie model 470 | | 2000 |
| accent | wire tie | | accent wire tie model 470 | | 2014 |
| Baylor 3 | American Bailor | 75 h/p | american wire tie automatic | | 2005 |
| containers | front end | 389 | 6 yarders | | 2013/2014 |
| resepicals | Bins | approx 3000 | 96 gallon bins | | 2013/2014 |
| eddy current | aluminum and tin seperator | 5 h/p | 36"w 60 " L | | 2014 |
| eddy current | aluminum and tin seperator | 5 h/p | 36"w 60 " L | | 2000 |
| ~~Mack truck~~ | ~~rear loader~~ | | ~~30 yarder~~ | | ~~2014~~ * |
| Mack truck | front loader | | 40 yarder | | 2002 Vin No.: 1M2K195C7YM016905 |
| internation truck | Box Truck | | 26 feet | | 2002 Vin No.: 1HTMKAAP52H535751 |
| internation truck | Box Truck | | 26 feet | | 2002 Vin No.: 1HTSDAAP81H395663 |
| Mack Truck | Rolloff | | 26 feet | | 2007 Vin No.: 1M2AL02CX7M004980 |
| containers | receiver box | 4 | 40 yarder closed | | 2004 |
| all tools | torches welders hand tools ect | lots | varius | | different |
| all bricks | walls for storage | lots | varius | | 2012 |
| all office equipment | computor desk file cabinets paperwork | lots | varius | | 2009/2014 |
| sercurity cameras | 2 security systems to view | 1-16 2-32 | approximatly 35 to 40 cameras | | 2012 2014 |
| bobcats | model numbers 630 with solid tires | 4 | | | 2014 |
| forklifts | model number H50 | 5 | | | 2014 |
| all singlestream | all material left to run merf | ? | ? | | none |
| compactor | 4 cubic yard compactor | 2 h/p | 8 L x 4 w | | rebult 2014 |
| trailers | 40 to 45 feet trailers | 4 | trailers for loading material | | approx 2000 |
| scales | tractor trailer scales | 2 | 60 L 12 w  and 75 L 10 w | | 2005/2010 |
| scales | weighing material | 2 | 4L x 4 W | | 2005 |
| roll of containers | 10 yard 20 yard 30 yard 40 yard | 30approximatly 26 feet | 26 feet | | different |
| diesel containers | containers to put diesel for trucks | 4 | different | | different |

* The Schedule to the original Competing APA included this vehicle and excluded the 2007 vehicle. This was a clerical error that has been corrected